# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 464 - 19 | **DATE** | 8/30/2004 |
| **CASE TITLE** | U.S.A. vs. Ronnel Hudson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] (Defendant Ronnel Hudson only). Hearing on Defendant's Motion to Reconsider called. Defendant's Motion to Reconsider Order of Detention [324-1] is granted. Detention hearing continued to September 8, 2004 at 3:30 p.m. Enter Memorandum Opinion and Order. Defendant is ordered to be housed at the Metropolitan Correctional Center until further order of court.

(11) ■ For further detail see order attached to the original minute order.

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | SEP 03 2004 | 34 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SRB77 | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 04 CR 464-19 |
| vs. | ) | Nan R. Nolan |
| | ) | Magistrate Judge |
| RONELL HUDSON | ) | |

DOCKETED
SEP 03 2004

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on defendant's "Motion to Reconsider Order of Detention" and the government's "Jurisdictional Opposition" to that motion.

## BACKGROUND

On May 11, 2004, United States Magistrate Judge Edward A. Bobrick approved a criminal complaint charging forty-seven individuals, including defendant – alleged members and leaders of the Black Disciples street gang – with participation in a long-time conspiracy to distribute drugs in violation of 21 U.S.C. § 846. The complaint alleged that the individuals conspired to distribute in excess of fifty grams of crack cocaine, five kilograms of powder cocaine, and one kilogram of heroin, subjecting each of the individuals to mandatory minimum sentences of ten years, and statutory maximum sentences of life imprisonment. 21 U.S.C. § 841(b)(1). The defendant was arrested on May 12, 2004, pursuant to a warrant. Following a preliminary hearing on May 18, 2004, Magistrate Judge Bobrick determined that there was probable cause to believe that the defendant had committed the offense charged in the complaint. On June 2, 2004,

Magistrate Judge Bobrick conducted a detention hearing and, finding the defendant to be both a danger to the community and a flight risk, ordered the defendant detained pending trial. Pursuant to the Local Rules of the United States District court for the Northern District of Illinois, the Executive Committee reassigned this case to United States Magistrate Judge Nan R. Nolan on July 8, 2004, following Magistrate Judge Bobrick's retirement from the bench.

On August 17, 2004, the defendant filed his "Motion to Reconsider Order of Detention."[1] The government responded, on August 23, 2004, with a "Jurisdictional Opposition to Defendant's Motion." According to the government, this court does not have jurisdiction to review or modify the detention order because it was issued by another magistrate judge, and one magistrate judge may not review another magistrate judge's detention order. The government argues that the defendant may only seek review of the detention order by the district court under 28 U.S.C. § 3145. The government submits that the only other avenue of relief, a reopening of the detention hearing under 28 U.S.C.

---

[1] As the government submits, the defendant here did not, technically, move for a reopening of his detention hearing under § 3142(f), but styled his motion as one to reconsider the order of detention. The defendant now explains that this was merely a mislabeling, born of the assumption that "reopening" and "reconsideration" were one and the same under § 3142(f). (*Reply to Government's Jurisdictional Opposition*, at 2 n.1). In any event, the court has an inherent authority to reconsider a previous detention order. *U.S. v. Angiulo*, 755 F.2d 969, 972 (1st Cir. 1985); *United States v. LoRusso*, 695 F.2d 45, 52-53 (2d Cir.1982), *cert. denied*, 460 U.S. 1070, 103 S.Ct. 1525 (1983) (whether case is civil or criminal, court has inherent power to reconsider and modify interlocutory orders prior to the entry of judgment).

2

§ 3142(f), has been foreclosed by Magistrate Judge Bobrick's retirement. Consequently, the government asks that the court dismiss the defendant's motion on jurisdictional grounds.

## REOPENING UNDER § 3142(f)

Under § 3142(f), a detention hearing may be reopened:

> before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community.

Relying on *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003), the government maintains that reopening under § 3142(f) is limited to the reconsideration by the same judicial officer who entered the original detention or release order. As such, the government argues that this court may not revisit Magistrate Judge Bobrick's order under § 3142(f).

In *Cisneros*, the defendant was arrested in Arizona on the basis of a federal indictment returned in New Mexico. She appeared before Magistrate Judge Lawrence Anderson in Phoenix, who, following a detention hearing, ordered her released on her own recognizance. Subsequently, she was arraigned before Magistrate Judge Don Svet in Albuquerque, who adopted the release conditions Magistrate Judge Anderson had imposed. A month later, the government asked Magistrate Judge Svet to revoke Cisneros's release

3

and order her detained pending trial. At the conclusion of the hearing, Magistrate Judge Svet found that Cisneros was both a flight risk and a danger to the community and ordered her detained pending trial. Cisneros's appeal of the detention order to the district court failed.

On appeal to the Tenth Circuit, the question arose as to whether the government's motion had been brought under § 3142(f) or § 3145, as it did not cite any statutory provision. 328 F.3d at 614. The Tenth Circuit concluded that § 3142(f) could not have been the basis for the government's revocation motion because the release order being challenged was entered by Magistrate Judge Anderson and reviewed by different judicial officers. 328 F.3d at 614. The court interpreted the statute's use of the phrase "the judicial officer" as an indication that it applied to reconsideration of a detention or release order by the same judicial officer who entered the initial order. *Id.* Accordingly, the court held that "[r]evocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order," meaning that government's motion could not have been brought under § 3142(f). *Id.*

Curiously, the government argues that the circumstances in *Cisneros* are directly analogous to the facts here. (*Government's Jurisdictional Opposition to Defendant's Motion*, at 12). On the contrary, there is quite a distinction between the two situations. The judicial officer who entered the original order in *Cisneros* was available to entertain

4

a motion to revoke it throughout the proceedings. With Magistrate Judge Bobrick's retirement, that is obviously not the case here. Unlike the defendant in this case, in *Cisneros*, the government had every opportunity to present its motion before the original magistrate judge, but simply followed the wrong procedure.

The government also relies, to a lesser extent, on two other cases, *Evans v. United States*, 62 F.3d 1233 (9th Cir. 1995) and *United States v. Johnson*, 858 F.Supp. 119 (N.D.Ind. 1994), both of which dealt with motions for review under § 3145, and the competing jurisdictions of the charging and arresting districts. The court in *Evans* interpreted the statute's reference to "the court having original jurisdiction" as meaning the court where the prosecution is pending, and held that § 3145 review is available only in that district. 62 F.3d at 1237. In *Johnson*, the court merely concluded that § 3145 provided for a hierarchy of review in which a magistrate judge in the charging district could not review the order of a magistrate judge in the arresting district. 858 F.Supp. at 122. Here, of course, all events have been confined to a single district. In addition, the defendant's motion was not brought under § 3145. As such, there is little guidance, if any, to be drawn from *Evans* or *Johnson*.[2]

---

[2] The government also mentions two other cases in its brief, *United States v. Luisa* 266 F.Supp.2d 440 (W.D.N.C. 2003) and *United States v. Poole*, 2004 WL 1732306 (D.Kan. 2004). Both of these cases, as well, dealt with review under § 3145. Neither, certainly, shed any light on the jurisdictional issue before the court.

For all practical purposes, the defendant here is bringing his motion before the same "judicial officer" who entered the original order. Under 28 U.S.C. § 137, district courts have wide discretion to set rules for the division of cases and the management of court business. As already noted, the Executive Committee reassigned this case to Magistrate Judge Nolan following Magistrate Judge Bobrick's retirement. As such, it became this magistrate judge's case; the court has the same authority, or jurisdiction, as Magistrate Judge Bobrick had to manage the proceedings, entertain motions, and enter orders. With the reassignment, Magistrate Judge Nolan became "the judicial officer" to which § 3142(f) refers. To suggest otherwise would undermine the district court's authority to manage its business and offer a challenge to 28 U.S.C. § 137 which would entail far more argument and support from the government than is found in its brief.

Significantly, if the reassignment of this case were not viewed in this manner, the defendant would be deprived of the opportunity to reopen the detention hearing that the statute provides him, simply because a magistrate judge retired. While the Bail Reform Act of 1984 resulted in sweeping changes in the way federal courts consider bail applications, it also provided the arrestee with extensive procedural safeguards. *U.S. v. Salerno*, 481 U.S. 739, 742, 752, 107 S.Ct. 2095, 2099, 2104 (1987). Indeed, Congress "carefully drafted" the pretrial detention provisions to provide constitutionally "adequate procedural safeguards and to limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect." S.Rep. No. 98-225, p. 8 (1983), U.S.Code

6

Cong. & Admin.News 1984, p. 3191. Here, the government proposes an interpretation of § 3142(f) that would foreclose one of those carefully considered procedural safeguards as a result of the simple accident of a magistrate judge's retirement. The court cannot agree that Congress intended that the opportunity to reopen a detention hearing could be lost as a result of mere happenstance.

The government submits that, even if the court should find Magistrate Judge Bobrick's retirement precludes reopening the detention hearing, the defendant still would have recourse under § 3145. Section 3145, however, was designed to provide an additional, and different, avenue for relief than § 3142(f): an expedited appellate review of the detention order. *Salerno*, 481 U.S. at 743, 107 S.Ct. at 2099. And, given Congress's intent that § 3145 provide for an "orderly and rational disposition of issues" involved in release and detention determinations, S.Rep. No. 98-225, p. 29 (1983), U.S.Code Cong. & Admin.News 1984, p. 3212, it would hardly seem prudent to discourage efforts to purge any errors or provide additional information in such determinations before the case proceeds to the § 3145 appellate process. *See Pickett v. Prince*, 207 F.3d 402, 408 (7th Cir. 2000) (appellate court discussing the value of reconsideration prior to appeals process in general). Accordingly, the court must conclude that it has jurisdiction to reopen the defendant's detention hearing under § 3142(f).

## CONCLUSION

Taking advantage of a singular circumstance – the retirement of a magistrate judge – the government seeks a ruling that would deprive the defendant of a statutorily provided opportunity for review of his detention. The result the government urges undermines not only Congress's scheme for review of detention orders as set forth in the Bail Reform Act of 1984, but the district court's unquestioned authority to assign cases and manage business under 28 U.S.C. § 137. Consequently, the court must reject the government's position and conclude that it has jurisdiction both to reopen defendant's detention hearing under §3142(f), and to reconsider the detention order.

For the foregoing reasons, the government's jurisdictional opposition to defendant's motion is rejected, and its motion to dismiss defendant's motion on those grounds is denied.

ENTERED: *Nan R. Nolan*
NAN R. NOLAN
U.S. MAGISTRATE JUDGE

DATE: 8/30/04